IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JASMINE YOUNG,**
        **Petitioner,**

v.   CIVIL ACTION NO.: 3:19-CV-17

**WARDEN FENTZEL,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On February 11, 2019, Petitioner acting pro se filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, and a memorandum of law[1] in support thereof. ECF Nos. 1, 1-1.[2] At the time Petitioner filed her petition, she was a federal inmate housed at Hazelton FCI[3], who challenged the alleged misapplication of Federal Bureau of Prisons ("BOP") policy by BOP officials.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] Petitioner later filed a motion to exceed the five-page limitation, and the Court granted her permission to file the seven-page typewritten memorandum of law.

[2] All ECF numbers refer to entries in the docket of Civil Action No. 3:19-CV-17, unless otherwise noted.

[3] Petitioner's address listed with the Clerk is for a private residence in Olney, Maryland, however the Bureau of Prisons inmate locator service lists Petitioner as being incarcerated at Federal Medical Center Lexington in Lexington, Kentucky. Petitioner has not updated her address with the Clerk.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Conviction and Sentence[4]

In an order issued September 24, 2018, the District Court for the District of Maryland summarized Petitioner's conviction and sentence in that jurisdiction:

> On September 10, 2015, the Petitioner was charged with four other defendants in a nine-count Superseding Criminal Indictment with Count Five – Bank Fraud, in violation of 18 U.S.C. § 1344; and Count Six – Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).
>
> After her initial appearance, Petitioner was released on the pending charges. Her release was subsequently revoked and she was detained and subsequently charged with another defendant in a four-count Indictment. Count One – Narcotics Conspiracy, in violation of 21 U.S.C. § 846; Count Two – Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and Count Four – Commission of a Crime while on Release in violation of 18 U.S.C. § 3147(1).
>
> On April 15, 2016, the Petitioner pled guilty in the fraud case and on January 31, 2017, the Petitioner pled guilty in the drug case. . . .
>
> [O]n April 21, 2017. . . [t]he Court sentenced the Petitioner in the fraud case to imprisonment for a total term of 42 months as to Count 5; 24 months as to Count 6 to run consecutively to Count 5, for a total term of imprisonment of 66 months. The Petitioner received a concurrent 10-month sentence on the drug case. Petitioner did not appeal. . . .

ECF No. 354.

### B.     Motions for Post-Conviction Relief

On April 26, 2018, Petitioner filed a motion to vacate or set aside pursuant to 28

---

[4] The facts in sections II.A. and II.B. are taken from the docket of Petitioner's criminal case, Case Number 1:15-CR-247 in the District of Maryland, which is available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

2

U.S.C. § 2255. ECF No. 335. On September 24, 2018, the district court denied the motion to vacate. ECF No. 354. On October 18, 2018, Petitioner moved the court to reconsider the denial, but on November 11, 2018 the district court also denied the motion to reconsider. ECF Nos. 357, 361.

Petitioner next filed a motion to reduce sentence per the First Step Act on March 13, 2019. ECF No 378. On April 22, 2019, Petitioner filed a motion to amend the previously denied motion to vacate. ECF No. 383. The district court denied Petitioner's motions by order entered April 24, 2019. ECF No. 384. Petitioner moved the court to reconsider its order on July 10, 2019, but on August 22, 2019, the court denied Petitioner's motion. ECF Nos. 390, 397. Petitioner also moved for a recommendation regarding the length of her Residential Reentry Center placement, on July 31, 2019, which motion was terminated as moot on August 1, 2019. ECF Nos. 392, 393. Finally, on August 8, 2019, Petitioner moved for a sentence reduction "pursuant to 3553," which was denied by order entered September 30, 2019. ECF Nos. 395, 400.

### C. Instant 2241 Petition

Petitioner's single claim[5] for relief is that the BOP improperly applied its own policy to Petitioner, and thereby has precluded her from receiving a sentence reduction. ECF No. 1 at 5. Petitioner states that she did not exhaust available administrative remedies, because "[p]resentation to the BOP is futile because it challenges the Agency's final rule." Id. at 7 – 8. For relief, Petitioner asks the Court to order the BOP "to allow [her] to receive the benefits of 18 U.S.C. § 3621(e) to [her] sentence for bank

---

[5] Petitioner asserts [ECF No. 1 at 4] that at the time she filed her § 2241 petition, an ineffective assistance of counsel proceeding was pending in the District of Maryland, however, a review of PACER shows that Petitioner's motion to vacate filed in that district was denied by order entered. D.Md. 1:15-CR-247, ECF No. 354.

3

fraud and aggravated identity theft." Id. at 8.

### III.     LEGAL STANDARD

#### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

The petition clearly states that Petitioner did not exhaust available administrative remedies. ECF No. 1 at 7 – 8. In the accompanying memorandum Petitioner contradicts that statement when she asserts that she "has exhausted her administrative remedies challenging the BOP's decision and regardless, exhaustion is unnecessary under these circumstances." ECF No. 1-1 at 2.

6

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice.  Petitioner claims that exhaustion is futile, and the memorandum argues that, "the BOP has stated in its own Program Statement (P5162.05) that Petitioner's enhancement bars her from eligibility for the benefits contemplated by Congress in §3621(e)." Id.  However, Petitioner provides no documentation or copies of administrative remedies which confirm the assertion in her memorandum that she exhausted available administrative remedies.

As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).  The cause cited by Petitioner for failure to exhaust is that this is a challenge to the BOP's "final rule".  However, Petitioner has not demonstrated that the BOP has made such a final ruling.  Even liberally

construed, Petitioner's argument fails to meet the standard required to excuse exhaustion of the administrative remedies available to her.

The failure to exhaust is clear on the face of the petition through Petitioner's own admission. Although Petitioner contradicts that admission in her memorandum, she provides no documentation to verify whether she has in fact exhausted her administrative remedies. Moreover, although Petitioner claims administrative appeal would be futile, she fails to demonstrate cause and prejudice necessary to overcome her obligation to exhaust. Accordingly, sua sponte dismissal of this action is appropriate.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** March 23, 2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE